# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NATHAN CURTIS TAYLOR | * | |
| Petitioner | * | |
| v. | * | Civil Action No. JKB-11-3123 |
| WARDEN | * | |
| Respondents | * | |

\*\*\*

## MEMORANDUM

Petitioner's court-ordered supplemental pleadings have been received. ECF No. 4 and 5. Petitioner's motion to proceed in forma pauperis shall be granted.

Although petitioner claimed in his original pleading that he was committed to Clifton T. Perkins Hospital ("Perkins") without benefit of counsel, he now clarifies that on May 19, 2011, he was represented by a public defender in a proceeding where he was found not competent to stand trial. ECF No. 4. He alleges the public defender rendered ineffective assistance of counsel because he is competent to stand trial and the attorney lied to the court. *Id.* As relief, he seeks release from Perkins.

Petitioner was ordered to supplement his petition for writ of habeas corpus in order to clarify the nature of the proceedings committing him to the custody of Perkins and to explain the state remedies he has utilized to challenge his commitment. ECF No. 2. Petitioner has not provided any information concerning efforts to challenge the validity of his commitment to Perkins in state court.

As a person who has been found not competent to stand trial, petitioner is a pre-trial detainee. Pretrial federal habeas relief is available under § 2241, Title 28, United States Code, if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal

principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

As a person committed to a mental health facility, petitioner has a right under Maryland law to file a petition for release in state circuit court located in the county where he resides, where he resided before admission to the facility, or where the facility is located. *See* Md. Code Ann., Health-Gen. § 10-805(a) and (b). Denial of an application for release may be appealed. *See id.*, § 10-805(h). Petitioner has not challenged his commitment order in state court. Special circumstances justifying intervention by this court do not exist where there are procedures in place to protect petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F. 2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F. 2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971). Petitioner's claims that he is illegally confined may be litigated in a state forum without harm to petitioner's constitutional rights. Accordingly, his habeas petition shall be dismissed without prejudice.

11/29/11
Date

James K. Bredar
United States District Judge

2